IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARTIN GOMEZ, ) | 8:12CV367 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| DENNIS WILSON, Investigator, and ) | |
| UNITED STATES DEPARTMENT ) | |
| OF LABOR, OCCUPATIONAL ) | |
| SAFETY AND HEALTH ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 12.) Also pending are Plaintiff's Motion to Appoint Counsel and Defendants' Motion to Strike. (*See* Filing Nos. 21 and 22.) For the reasons discussed below, Defendant's Motion to Dismiss is granted and the other pending Motions are denied.

## I. BACKGROUND

Plaintiff filed this matter in the Small Claims Court for Douglas County, Nebraska, against the United States Department of Labor, Occupational Safety and Health Administration ("OSHA"), and Dennis Wilson ("Wilson"), an OSHA Investigator. (Filing No. 1-1.) On October 15, 2012, Defendants filed a proper and timely Notice of Removal of Plaintiff's claims. (Filing No. 1.)

Liberally construed, Plaintiff's Complaint stems from Plaintiff's dissatisfaction with Wilson's investigation, and OSHA's dismissal, of a complaint that he filed regarding his termination from Timpte, Inc. ("Timpte"). (*See* Filing No. 17 at CM/ECF pp. 1, 5; Filing No. 1-1.) Indeed, in his Complaint, and in his Response to Defendants' Motion to Dismiss, Plaintiff asserts that Wilson has "bad functions of his

job" and that OSHA and Wilson discriminated against him on the basis of his disability. (*Id*.)

On December 28, 2012, Defendants filed a Motion to Dismiss along with a Brief and Index of Evidence in Support. (Filing Nos. 12, 13, and 14.) After receiving an extension of time to respond, Plaintiff filed a Response to Defendants' Motion to Dismiss. (Filing No. 17.) Defendants subsequently filed a Reply Brief. (Filing No. 18.)

After Defendants filed their Reply, Plaintiff filed a Letter (filing no. 19) a Supplement to his Complaint (filing no. 20), and a Motion to Appoint Counsel (filing no. 21). Defendants have moved to strike Plaintiff's Supplement and his Motion to Appoint Counsel. (Filing No. 22.) The court will briefly address the Motion to Strike, and Plaintiff's Motion to Appoint Counsel, before turning to Defendants' Motion to Dismiss.

## II. ANALYSIS

A. **Motion to Strike**

In their Brief in Support of their Motion to Strike, Defendants ask the court to strike Plaintiff's Supplement (filing no. 20) and Motion to Appoint Counsel (filing no. 21) because these documents do not comply with the court's local rules, namely NECivR 7.0.1(c). (Filing No. 24.) *See* NECivR 7.0.1(c) (providing that a moving party may reply to an opposing brief, however neither party may "file further briefs or evidence without the court's leave"). In addition, Defendants seek to strike the Motion to Appoint Counsel because it contains numerous documents related to a separate case Plaintiff filed against Timpte in Nebraska Workers' Compensation Court. (Filing No. 24; *See also* Filing No. 21.)

The court agrees with Defendants that Plaintiff failed to request leave to file the additional documents in support of his Complaint, or in response to Defendants' Motion to Dismiss, in accordance with NECivR 7.0.1(c). Nevertheless, motions to strike are viewed with disfavor and infrequently granted. *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). In light of this, and Plaintiff's pro se status, the court will not strike Plaintiff's Supplement or the workers' compensation documents contained within his Motion to Appoint Counsel. Defendants' Motion to Strike (filing no. 22) is denied.

B.  **Motion to Appoint Counsel**

In addition to the workers' compensation documents, filing number 21 contains a request for "legal assistance." (*See* Filing No. 21 at CM/ECF p. 1.) The court liberally construes this request as a request for the appointment of counsel. However, in *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. The request for the appointment of counsel is therefore denied.

C.  **Motion to Dismiss**

In support of their Motion to Dismiss, Defendants argue, among other things, that Plaintiff's Complaint should be dismissed because this court does not have jurisdiction to review OSHA's dismissal of Plaintiff's "11(c) complaint," and Plaintiff's Complaint fails to state a claim upon which relief may be granted. (*See* Filing Nos. 13 and 18.) For the reasons discussed below, the court agrees.

*1.    Motion to Dismiss Standard*

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

*2.    Plaintiff's Claims Related to his OSHA Complaint*

Section 11(c) of the Occupational Safety and Health Act ("OSH Act") provides:

> (1) No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter.
>
> (2) Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary alleging such discrimination. Upon receipt

4

of such complaint, the Secretary shall cause such investigation to be made as he deems appropriate. If upon such investigation, the Secretary determines that the provisions of this subsection have been violated, he shall bring an action in any appropriate United States district court against such person. In any such action the United States district courts shall have jurisdiction, for cause shown to restrain violations of paragraph (1) of this subsection and order all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay.

(3) Within 90 days of the receipt of a complaint filed under this subsection the Secretary shall notify the complainant of his determination under paragraph (2) of this subsection.

29 U.S.C. § 660(c). To the extent that Plaintiff is attempting to assert a claim under the OSH Act, he does not have a private right of action to do so. *See, e.g., Am. Fed'n of Gov't Emp., AFL–CIO v. Rumsfeld*, 321 F.3d 139, 143–44 (D.C. Cir. 2003) (noting that the plaintiffs had "no private right of action under . . . OSHA"); *Ellis v. Chase Commc'ns, Inc.*, 63 F.3d 473, 476–77 (6th Cir. 1995) ("OSHA does not create a private right of action ."); *Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976–77 (5th Cir. 1975) ("The only provision in the statute which addresses itself to a private remedy clearly indicates that Congress did not intend OSHA to create a new action for damages in favor of employees."). Rather, violations of OSHA are investigated and enforced by the Secretary of Labor. 29 U.S.C. §§ 662, 666, 657.[1]

---

[1] Although Plaintiff does not have a private right of action under the OSH Act, the Act does not preempt a *state law* claim against his employer for wrongful discharge in violation of public policy. *See, e.g., Kohrt v. MidAmerican Energy Co.*, 364 F.3d 894, 901-02 (8th Cir. 2004) (finding there is no federal common law action for wrongful discharge in violation of public policy, but OSHA's remedial scheme does not preempt a state law claim of wrongful discharge in violation of public policy).

5

Liberally construed, however, Plaintiff may be attempting to assert a claim under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). In *Bivens*, the United States Supreme Court established that a victim of a constitutional violation by a federal agent has a right to recover damages against the official in federal court despite the absence of any statute conferring such a right. 403 U.S. 388.

Here, Plaintiff alleges Timpte terminated him for reporting a work-related injury, which led to his filing of a Section 11(c) complaint with OSHA. (Filing Nos. 1 and 17.) Plaintiff ultimately became dissatisfied with the investigation of his 11(c) complaint and filed this case against Wilson and OSHA for discrimination on September 18, 2012.[2] (*Id*.) Although Plaintiff sues OSHA and Wilson for "discrimination," he has failed to specify the capacity in which he sues Wilson. (Filing No. 1-1.) Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). Because this court assumes that Wilson is sued in his official capacity only, Plaintiff's *Bivens* claim against Wilson is really a claim against the United States. Such a claim cannot be prosecuted because of sovereign immunity. *See Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) (concluding complaint against government official in official capacity is suit against United States; *Bivens* action cannot be prosecuted against United States because of sovereign immunity). Moreover, a *Bivens* claim

---

[2]On December 5, 2012, the Regional Administrator for OSHA dismissed Plaintiff's Section 11(c) complaint, finding that there was "no reasonable cause to believe that [Timpte] violated the Act." (Filing No. 14-2. at CM/ECF p. 4.) In doing so, the Regional Administrator stated that the evidence showed that Plaintiff did not notify Timpte of an alleged work-related personal injury until after Timpte terminated his employment. (*Id*. at CM/ECF p. 5.)

6

cannot be asserted directly against OSHA, an agency of the United States. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (stating *Bivens* action for damages is not actionable directly against agencies of the United States).

Even if Plaintiff had sued Wilson in his individual capacity, he makes no factual allegations to support his claim that Wilson discriminated against him during his investigation of Plaintiff's 11(c) complaint. (*See* Filing No. 1-1.) Indeed, Plaintiff simply makes a blanket assertion that he was discriminated against based on his disability. (*Id*.) Such a blanket assertion fails to state a discrimination claim against Wilson upon which relief may be granted. *See Martin*, 780 F.2d at 1337 (stating the plaintiff's complaint must allege specific facts sufficient to state a claim).

To the extent that Plaintiff believes Wilson, or OSHA, was somehow negligent during the investigation of his complaint, his claims are barred by the discretionary function exception of the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2680(a) (stating discretionary-function exception to FTCA precludes government liability for claims based on government's exercise or failure to exercise discretionary function); *Hart v. United States*, 630 F.3d 1085, 1088 (8th Cir. 2011) (concluding discretionary-function exception applies when conduct at issue was discretionary and was based on considerations of public policy); *Lee v. United States*, 892 F.2d 1043, 1990 WL 95, at *1 (6th Cir. Jan. 2, 1990) (affirming district court's dismissal of plaintiff's claim that OSHA failed to adequately investigate violations of OSHA regulations as barred under the FTCA's discretionary function exception).

In short, Plaintiff has failed to state a claim related to his OSHA complaint or investigation upon which relief may be granted.

*3. Plaintiff's Workers' Compensation Case*

As discussed above, Plaintiff filed a Motion to Appoint Counsel that contained documents related to a Nebraska Workers' Compensation case. (*See* Filing No. 21.) To the extent that Plaintiff seeks to challenge, or change, a Nebraska Workers' Compensation Court judgment, the *Rooker–Feldman* doctrine bars this court from doing so. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Indeed, "a federal district court is not an appellate court with any power to review Worker's Compensation Court decisions." *Simet v. Meylan Enters.*, No. 8:06cv465, 2007 WL 1341438, at *1 (D. Neb. Apr. 2, 2007). Accordingly,

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Strike (filing no. 22) is denied.

2. Plaintiff's Motion to Appoint Counsel (filing no. 21) is denied.

3. Defendants' Motion to Dismiss (filing no. 12) is granted.

4. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 13th day of August, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.